DAUKSCH, Judge.
This is an appeal from an order vacating an order adjudicating a child to be dependent.
The child was found to be dependent after it was determined that his mother was hospitalized and comatose, his father was in jail and his legal guardians had turned him over to appellant. His guardians told the Department of Health and Rehabilitative Services (HRS) that they would no longer care for the child.
After the circuit court found that the child was dependent, as defined by Chapter 39, Florida Statutes, and found “that returning him to his home would be contrary to his welfare and safety,” it granted the care, custody and control of the child to HRS for foster care. Six months later, HRS filed its standard Petition for Review and the court was informed that the child’s counselor had tried to reunite him with his aunt and uncle, but he ran away. The child was then charged with homicide and jailed, where he remains.
Upon consideration of the HRS recommendation that he remain in foster care and after considering the fact that the child *1383 was in jail charged with homicide, the judge vacated the order of dependency and left the child to the total care of his jailers, de facto not de jure.
Under section 39.453(1)(b), Florida Statutes (1989), the court had the option to terminate jurisdiction over the child (which was done, in effect, by the order vacating the order of dependency) after the statutory six-month period of review. The court also had the option to continue to exercise its jurisdiction and keep the child in the care of HRS. See also section 39.02(7), Florida Statutes (1989) which provides that an indictment for murder does not take away the court’s jurisdiction over the child. All children need someone to look after their welfare and to be concerned for them. That need does not end upon, nor is it diminished by, incarceration. A good argument could be made that this child now needs someone to look after him more than ever; someone more than just a lawyer, who will only look after his legal needs. The judge had the discretion to accede to the wishes of HRS and let them continue to care for the child and abused his discretion in refusing to do so. The care of the child should not be left solely to his jailers when other alternatives are readily available.
The order terminating jurisdiction is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
COBB and W., SHARP, JJ., concur.